UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOC SOCIETY and INTERNATIONAL DOCUMENTARY ASSOCIATION,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL R. POMPEO, in his official capacity as Secretary of State, and CHAD F. WOLF, in his official capacity as Acting Secretary of Homeland Security,<br><br>　　　　　　Defendants. | Civil Case No. 19-cv-3632 (TJK) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

　　　　Plaintiffs file this Notice of Supplemental Authority to bring to the Court's attention the Supreme Court's recent decision in *Department of Homeland Security v. Regents of the University of California* ("*Regents*"), No. 18-587 (June 18, 2020) (attached hereto as Exhibit A). *Regents* invalidated the Department of Homeland Security's ("DHS") decision to rescind the Deferred Action for Childhood Arrivals ("DACA") program under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). *See Regents*, slip op. at 2. The Court's analysis of DHS's decision supports Plaintiffs' arguments that the Department of State's requirement that visa applicants register their social media identifiers with the U.S. government (the "Registration Requirement") is reviewable under the APA and that it is arbitrary and capricious, as set forth in Parts II.B and II.D, respectively, of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pls.' Mem."), ECF No. 32.

1

First, *Regents* emphasized the presumption that agency decisions are judicially reviewable. Rejecting the Government's argument that the decision to rescind the DACA program was "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), the Court "'read the exception in §701(a)(2) quite narrowly,' confining it to those rare 'administrative decision[s] traditionally left to agency discretion.'" *Regents*, slip op. at 10 (first quoting *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 370 (2018); then quoting *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993)). The Court concluded that the creation of the DACA "program—and its rescission—is an 'action [that] provides a focus for judicial review.'" *Id.* at 11 (alteration in original) (quoting *Heckler v. Chaney*, 470 U.S. 821, 832 (1985)). In reaching this conclusion, the Court noted that because the DACA program bears on individuals' ability to obtain immigration-related benefits, including work authorization, it implicates the type of judicially manageable standards "courts often are called upon to protect." *See id.* at 11–12 (quoting *Chaney*, 470 U.S. at 832). The Court's reasoning provides additional support for Plaintiffs' argument here that the Department of State's adoption of the Registration Requirement is a judicially reviewable agency action. *See* Pls.' Mem. 23–25.

Second, *Regents* affirmed the longstanding principle that an agency must adequately explain the basis for its actions. *See Regents*, slip. op. at 13. Notably, upon reviewing DHS's decision, *Regents* held that the Secretary of Homeland Security had "'failed to consider . . . important aspect[s] of the problem' before her," and that this failure rendered the Secretary's decision arbitrary and capricious. *Id.* at 18 (alteration in original) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)); *see id.* at 21–23. In so holding, the Court affirmed the decision of the D.C. District Court in *NAACP v. Trump*, *see id.* at 29, which vacated the agency's decision on the ground that its "conclusory statements were insufficient to explain the change in [the agency's] view of DACA's lawfulness." *Regents*, slip op.

7 (alteration in original) (quoting 298 F. Supp. 3d 209, 243 (D.D.C. 2018)). Here, too, the Secretary of State's conclusory statements regarding the purported necessity of the Registration Requirement reflect a failure to consider "important aspects" of the problem before him—including significant evidence that social media surveillance is ineffective for visa vetting purposes—rendering the Registration Requirement arbitrary and capricious. *See* Pls.' Mem. 28–32.

\*    \*    \*

To address any questions the Court may have regarding the *Regents* decision or the issues raised in Defendants' motion to dismiss, Plaintiffs respectfully reiterate their request for oral argument.

June 23, 2020

Respectfully submitted,

/s/ *Faiza Patel*
Faiza Patel\*
Harsha Panduranga\*
Brennan Center for Justice
   at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
patelf@brennan.law.nyu.edu
(646) 292-8310

/s/ *Carrie DeCell*
Carrie DeCell (D.C. Bar No. 1015491)
Jameel Jaffer (D.C. Bar No. MI0067)
Katie Fallow\*
Anna Diakun\*
Leena Charlton\*
Knight First Amendment Institute
   at Columbia University
475 Riverside Drive, Suite 302–304
New York, NY 10115
carrie.decell@knightcolumbia.org
(646) 745-8500

/s/ *Rachel Levinson-Waldman*
Rachel Levinson-Waldman\*
Brennan Center for Justice
   at NYU School of Law
1140 Connecticut Avenue, NW
11th Floor, Suite 1150
Washington, D.C. 20036
levinsonr@brennan.law.nyu.edu
(202) 249-7190

/s/ *Paul C. Curnin*
Paul C. Curnin\*
Sarah Eichenberger (D.C. Bar No. D00430)
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
pcurnin@stblaw.com
(212) 455-2000


\*admitted *pro hac vice*
*Counsel for the Plaintiffs*

3