# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOC SOCIETY and INTERNATIONAL DOCUMENTARY ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL R. POMPEO, in his official capacity as Secretary of State; and CHAD. F. WOLF, in his official capacity as Acting Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 19-cv-3632 (TJK) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants submit this filing to respond briefly to Plaintiffs' Notice of Supplemental Authority, ECF No. 45.  Plaintiffs' Notice calls the Court's attention to the Supreme Court's June 18, 2020 decision in *Department of Homeland Security v. Regents of the University of California*, arguing that the decision supports Plaintiffs' opposition to Defendants' Motion to Dismiss, ECF No. 31.  Specifically, Plaintiffs contend that the *Regents* decision supports their argument that (1) the social media policy at issue in this case is not committed to agency discretion by law pursuant to 5 U.S.C. § 701(a)(2) and (2) the Secretary failed to consider "an important aspect of the problem" in promulgating the social media policy.  Neither contention is correct, so Plaintiffs' notice should not affect the Court's ruling on Defendants' motion.

With regard to § 701(a)(2), *Regents* did not narrow the scope of agency decisions that are committed to agency discretion by law nor did it alter the standard by which courts make such a determination.  Rather, the Court simply observed that one category of agency decisions not subject to judicial review are those involving "an agency's decision not to institute enforcement

proceedings" under *Heckler v. Chaney*, 470 U.S. 821 (1985), and that the Government in *Regents* argued that the rescission of the Deferred Action for Childhood Arrivals policy was one such decision. *Regents*, 140 S. Ct. 1891, 1906 (2020) (characterizing the Government's argument as asserting "that a general non-enforcement policy is equivalent to the individual non-enforcement decision at issue in *Chaney*"). The Court disagreed with the Government on this point. *Id.* ("DACA is not simply a non-enforcement policy."). Here, Defendants do not contend that the social media policy is subject to agency discretion because it is a "non-enforcement policy" but rather because the statutory text, nature of administrative action, and foreign policy and national security interests at stake compel such a conclusion. *See* Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mot."), ECF No. 31-1, at 29-31; Defs.' Reply in Supp. of Mot. to Dismiss ("Defs.' Reply"), ECF No. 44, at 15-18. *Regents* thus has no bearing on the § 706(1)(a)(2) analysis in this case.

Plaintiffs' reliance on *Regents* for their contention that the Secretary failed to consider an important aspect of the problem is equally unavailing. Here, too, the Supreme Court's decision did not alter the applicable standard of review, and the social media policy passes muster under that standard given that the Secretary's thorough explanation for the policy in the Supporting Statements. *See* Defs.' Reply at 21-22. Moreover, whether the Secretary sufficiently justified the social media policy is a question for this Court only if Plaintiffs are able to establish Article III standing, which they have not. *See* Defs.' Mot. at 10-28; Defs.' Reply at 2-13.

Dated: July 13, 2020                                         Respectfully submitted,

                                                      ETHAN P. DAVIS
                                                      Acting Assistant Attorney General

                                                      ANTHONY J. COPPOLINO
                                                      Deputy Branch Director

       /s/ *Nathan M. Swinton*
NATHAN M. SWINTON
JOSEPH J. DEMOTT
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20005
Tel:  (202) 305-7667
Fax:  (202) 616-8470
E-mail:  Nathan.M.Swinton@usdoj.gov

*Counsel for Defendants*