UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOC SOCIETY and INTERNATIONAL DOCUMENTARY ASSOCIATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANTONY J. BLINKEN, in his official capacity as Secretary of State, and ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of Homeland Security,<br><br>    Defendants. | Civil Case No. 19-cv-3632 (TJK) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Now that the stay has been lifted in this case, *see* Joint Status Report, ECF No. 54 (citing Minute Order of August 18, 2021), Plaintiffs write to respectfully renew their request that the Court schedule oral argument on Defendants' motion to dismiss, and also to apprise the Court of the Supreme Court's recent decision in *Americans for Prosperity Foundation v. Bonta* ("*AFPF*"), 141 S. Ct. 2373 (2021) (attached as Exhibit A).

*AFPF* held that a California regulation requiring charitable organizations to disclose the identities of their major donors to the state Attorney General's Office was facially unconstitutional. *Id.* at 2379, 2389. The decision supports Plaintiffs' arguments that (1) Plaintiffs and their members and partners are suffering an injury sufficient to support standing; and (2) the State Department's social media registration requirement ("Registration Requirement") and related retention and dissemination policies unconstitutionally burden Plaintiffs' associational rights, as set forth in

Parts I and III, respectively, of Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pls.' Mem."), ECF No. 32.

First, the Court in *AFPF* confirmed that the "risk of a chilling effect on association" created by the government's collection of associational information through disclosure requirements constitutes a First Amendment injury sufficient to confer standing. 141 S. Ct. at 2389. While the dissent criticized the majority for not demanding "evidence that a disclosure requirement is likely to cause an objective burden on First Amendment rights," *id.* at 2404 (Sotomayor, J., dissenting), the majority maintained that "[w]hen it comes to the freedom of association, the protections of the First Amendment are triggered not only by actual restrictions on an individual's ability to join with others to further shared goals. The risk of a chilling effect on association is enough[.]" *Id.* at 2389. Because the California disclosure requirement "indiscriminately swe[pt] up the information of every major donor with reason to remain anonymous," the requirement "'create[d] an unnecessary risk of chilling' in violation of the First Amendment." *Id.* at 2388 (citation omitted). Here, too, the Registration Requirement "indiscriminately sweep[s] up" the social media information of nearly every visa applicant, including Plaintiffs' members and partners, thus burdening their freedom of association and causing an injury sufficient to support standing. *Id.*; *see* Pls.' Mem. 10–11, 15–18.

Second, the Court in *AFPF* concluded that California's disclosure requirement did not pass constitutional muster. In doing so, a majority agreed that the disclosure requirement was subject to at least exacting scrutiny; three justices either would have applied strict scrutiny or would not have ruled out strict scrutiny as the appropriate standard. *See AFPF*, 141 S. Ct. at 2383, 2390, 2391–92. Under exacting scrutiny, "there must be 'a substantial relation between the disclosure requirement and a sufficiently important governmental interest.'" *Id.* at 2383 (quoting *Doe v. Reed*, 561 U.S. 186, 196 (2010)). The majority agreed that, if exacting scrutiny applies, it requires that

the disclosure regime "be narrowly tailored to the government's asserted interest," even if it is not the least restrictive way of attaining the desired end. *Id.* 2383–84.

Applying that standard, the Court held that California's disclosure requirement was facially unconstitutional. The Court did "not doubt that California has an important interest in preventing wrongdoing by charitable organizations." *Id.* at 2385–86. There was "a dramatic mismatch, however, between the interest that the Attorney General [sought] to promote and the disclosure regime," which involved a "dragnet for sensitive donor information from tens of thousands of charities." *Id.* at 2386–87. The Court emphasized that the information collected "will become relevant in only a small number of cases," indicating that the disclosure requirement was primarily serving the state's interest in "ease of administration"—an interest that "cannot justify the disclosure requirement." *Id.* at 2387; *see also id.* at 2389. The Court concluded that because both the "lack of tailoring to the State's investigative goals" and the "weakness of the State's interest in administrative convenience" were "categorical," "[e]very demand that might chill association . . . fails exacting scrutiny." *Id.* at 2387.

The Court's reasoning in *AFPF* thus supports Plaintiffs' standing to challenge the Registration Requirement, *see* Pls.' Mem. 8–18, and Plaintiffs' arguments that the Registration Requirement is subject to heightened scrutiny, *see id.* at 33–35; that the Registration Requirement burdens the First Amendment associational rights of Plaintiffs and their members and partners, *id.* at 35–40; and that the Registration Requirement is not narrowly tailored, *id.* at 40–44.

\*   \*   \*

To address any questions the Court may have regarding the *AFPF* decision or the issues raised in Defendants' motion to dismiss, Plaintiffs respectfully reiterate their request for oral argument.

October 22, 2021

/s/ *Faiza Patel*
Faiza Patel*
Harsha Panduranga*
Brennan Center for Justice
    at NYU School of Law
120 Broadway, Suite 1750
New York, NY 10271
patelf@brennan.law.nyu.edu
(646) 292-8310


/s/ *Rachel Levinson-Waldman*
Rachel Levinson-Waldman*
Brennan Center for Justice
    at NYU School of Law
1140 Connecticut Avenue, NW
11th Floor, Suite 1150
Washington, D.C. 20036
levinsonr@brennan.law.nyu.edu
(202) 249-7190

Respectfully submitted,

/s/ *Carrie DeCell*
Carrie DeCell (D.C. Bar No. 1015491)
Jameel Jaffer (D.C. Bar No. MI0067)
Katie Fallow*
Anna Diakun*
Evan Welber Falcón*
Knight First Amendment Institute
    at Columbia University
475 Riverside Drive, Suite 302–304
New York, NY 10115
carrie.decell@knightcolumbia.org
(646) 745-8500


/s/ *Paul C. Curnin*
Paul C. Curnin*
Sarah Eichenberger (D.C. Bar No. D00430)
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
pcurnin@stblaw.com
(212) 455-2000


*admitted *pro hac vice*

*Counsel for the Plaintiffs*