IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOC SOCIETY, INTERNATIONAL DOCUMENTARY ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY J. BLINKEN, in his official capacity as Secretary of State, ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of Homeland Security,<br><br>Defendants. | Civil Action No. 19-cv-3632 (TJK) |

**DEFENDANTS' NOTICE REGARDING POLICY REVIEW
AND RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

As Defendants have previously advised the Court, the Government has spent several months reviewing certain policies related to the collection and use of social media identifiers in screening and vetting visa applicants. *Compare* Minute Order of March 23, 2021 (staying the case in light of this policy review), *with* Joint Status Report of Oct. 18, 2021, ECF No. 54 (informing the Court that the policy review was still ongoing). Defendants respectfully inform the Court that, although social media identifier collection policies remain under discussion among relevant departments and agencies, Defendants do not anticipate any imminent changes to the Department of State policy at issue in this litigation.

This filing also responds to Plaintiffs' most recent Notice of Supplemental Authority, ECF No. 57 ("Notice"). That Notice calls the Court's attention to the Supreme Court's decision in *Americans for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373 (2021) ("*AFPF*"), and sets forth argument about that decision's supposed relevance to this case. Plaintiffs contend that *AFPF* supports their arguments that: (1) "Plaintiffs and their members and partners are suffering an injury

sufficient to support standing"; and (2) the challenged policy "unconstitutionally burden[s] Plaintiffs' associational rights." Notice at 1. Neither contention is correct, so Plaintiffs' arguments should not affect the Court's ruling on Defendants' pending motion to dismiss, ECF No. 31.

First, *AFPF* did not alter the principle that a chilling effect "is not enough to constitute injury in fact." *Am. Library Ass'n v. Barr*, 956 F.2d 1178, 1193-94 (D.C. Cir. 1992); *see* Defs.' Mem. ISO Mot. to Dismiss 15–17, ECF No. 31-1 ("Defs.' Mem."). *AFPF* does not even address Article III standing, as there was no dispute that the charitable organizations in that case had "suffered some 'concrete harm (past or immediately threatened) apart from the "chill" itself,'" *American Library*, 956 F.2d at 1193 (quoting *United Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375 (D.C. Cir. 1984) (Scalia, J.)). Specifically, the organizations in *AFPF* had received notices of deficiency from the California Department of Justice regarding their failure to comply with the challenged state law, accompanied by "threat[s] to suspend their registrations" as charitable organizations and "fine their directors and officers." *AFPF*, 141 S. Ct. at 2380. Thus, the organizations in that case did not base their standing on an asserted chilling effect on speech or association; they were directly subject to California's disclosure requirement and could show—through the notices of deficiency—an imminent threat of enforcement action.

Here, by contrast, Plaintiffs are not subject to the challenged Department of State policy and are attempting to establish standing based on a purported "chilling effect" on third parties' speech. *See, e.g.*, Compl. ¶¶ 3, 5, 52–64, 74. The D.C. Circuit has repeatedly held that such purported chilling effects do not constitute an Article III injury. *See* Defs.' Mem. at 16 (collecting cases). *AFPF* cannot reasonably be read as overruling that line of D.C. Circuit precedent. *See, e.g.*, *United States v. Weathers*, 186 F.3d 948, 957 n.12 (D.C. Cir. 1999) ("[I]t is not for the lower courts to conclude that the Supreme Court's 'more recent cases have, by implication, overruled an earlier precedent.'") (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).

Second, nothing in *AFPF* suggests that visa application questions are subject to heightened First Amendment scrutiny. *AFPF* applied heightened scrutiny to a requirement that U.S. charitable organizations—which unquestionably enjoy First Amendment rights—disclose the identities of major donors with whom they associate. *See* 141 S. Ct. at 2380. That is a far cry from the present case, which involves a requirement that noncitizens seeking entry to the United States—who do not possess First Amendment rights—disclose certain social media identifiers. As detailed in Defendants' briefing, the Supreme Court has consistently applied a deferential standard of review to policies governing the admission of foreign nationals, and that body of caselaw applies here. *See* Mem. at 39–42; Defs.' Reply ISO Mot. to Dismiss 23–25, ECF No. 44. In short, the First Amendment analysis in *AFPF* is far afield from the present context and is therefore inapposite.

Plaintiffs' Notice also "request[s] that the Court schedule oral argument on Defendants' motion to dismiss." Notice at 1. Defendants respectfully defer to the Court on whether oral argument is necessary in light of the jurisdictional defects identified in the briefing.

Dated:  February 11, 2022                           Respectfully submitted,

                                                                    BRIAN M. BOYNTON
                                                                    Acting Assistant Attorney General

                                                                    ANTHONY J. COPPOLINO
                                                                    Deputy Branch Director

                                                                    /s/ *Joseph J. DeMott*
                                                                    JOSEPH J. DEMOTT
                                                                    Trial Attorney (Va. Bar No. 93981)
                                                                    U.S. Department of Justice
                                                                    Civil Division, Federal Programs Branch
                                                                    1100 L Street, N.W.
                                                                    Washington, DC 20005
                                                                    Tel:  (202) 514-3367
                                                                    Fax:  (202) 616-8470
                                                                    E-mail:  Joseph.DeMott@usdoj.gov

                                                                    *Counsel for Defendants*